CHESTER TOWNSHIP et al., Appellees,

v.

FRATERNAL ORDER OF POLICE, OHIO LABOR COUNCIL, INC. et al., Appellants.

[Cite as *Chester Twp. v. Fraternal Order of Police, Ohio Labor Council, Inc.* (1995), 102 Ohio App.3d 404.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 94–G–1866.

Decided April 10, 1995.

*David P. Joyce*, Geauga County Prosecuting Attorney, and *Forrest W. Burt*, Assistant Prosecuting Attorney, for appellees.

*Walter Florence* and *Paul L. Cox*, for appellants.

CHRISTLEY, Judge.

This is an accelerated appeal from a final judgment of the Geauga County Court of Common Pleas, granting the motion of appellees, Chester Township and the Board of Trustees of Chester Township, to vacate an arbitration award. As part of this judgment, the court further ordered the reinstatement of appellees' previous decision to discharge appellant, John Battaglia.

Appellees employed approximately ten patrol officers as part of the township police department. In late 1990, appellees successfully negotiated a collective bargaining agreement with the patrol officers, who were represented during the negotiations by the Fraternal Order of Police, Ohio Labor Council.[1] This agreement, which covered the period from January 1991 through August 1992, contained provisions concerning the discipline of officers and the procedure for filing a grievance.

Appellant was employed by appellees as a patrol officer for approximately nine years. During the course of this employment, appellees disciplined appellant on a number of occasions for a variety of reasons. These disciplinary actions included a number of suspensions and a demotion.

In February 1992, appellees decided to discharge appellant from his employment, predicated upon two allegations of misconduct which were distinct from the previous incidents of misconduct. Appellant filed a grievance concerning the discharge, and the matter was submitted to binding arbitration, pursuant to the collective bargaining agreement.

Following an evidentiary hearing, the arbitrator rendered his decision in October 1993. While finding that appellant's conduct had warranted a reprimand, the arbitrator ultimately concluded that appellant should be reinstated with full back pay and benefits because his discharge had been without just cause.

---

1. The Fraternal Order of Police is also an appellant in this appeal. However, since its sole role in the instant litigation has been to represent Officer Battaglia, only he will be referred to as "appellant" throughout the remainder of this opinion.

In reaching this conclusion, the arbitrator rejected appellees' argument that the discharge had been warranted because of appellant's history of misconduct. The arbitrator held that the previous acts of misconduct were irrelevant because they were unrelated to the current allegations.

Approximately three months following the issuance of the arbitrator's decision, appellees moved the common pleas court to vacate the award in favor of appellant. As grounds for this motion, appellees primarily maintained that the arbitrator had exceeded his authority under the collective bargaining agreement by failing to fully consider appellant's past misconduct in determining whether just cause had existed.

Initially, the common pleas court rendered a judgment affirming the arbitrator's award and denying appellees' motion. However, after appellees filed a separate motion for relief from judgment, the trial court issued a second judgment reversing itself.

In this latter judgment, which is the subject of the instant appeal, the court granted the motion to vacate the original judgment on the basis that it had not considered appellees' brief in support. The court then granted the motion to vacate the arbitration award, essentially adopting the argument set forth in appellees' brief.[2]

Before this court, appellant has advanced three assignments of error for review. However, before we can consider the specified assignments, we must first determine whether the motion filed by appellees following the trial court's entry of its first judgment was, in fact, a nullity.

This motion was styled a motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (B)(5). However, the substance of the argument in that motion was that the judge had failed to consider the brief which appellees had submitted with its motion to vacate the arbitration award.[3] There were numerous attachments to this brief.

The primary value of the appellees' brief and attachments was that they indicated that a provision to exclude past disciplinary incidents from consideration in subsequent disciplinary matters had been specifically negotiated out of the collective bargaining agreement. Thus, appellees' primary argument was

---

2. In appealing from the second judgment, appellant has not raised any assignments of error concerning the merits of the court's decision to grant the motion to vacate the first judgment. Instead, appellant only challenges the merits of the decision to vacate the arbitration award.

3. It appears that the clerk had separated the brief from the motion because of its size; thus, the trial court was unaware that the brief had been timely filed.

that the arbitrator was wrong in not considering the past disciplinary history of the grievant.

The failure of a trial court to read or consider a brief is not an event covered by the various provisions of Civ.R. 60(B). Appellees' remedy was a direct appeal following the entry of the first judgment affirming the arbitrator's award. The Staff Notes and case law interpreting Civ.R. 60(B) do not support its use in this type of situation. See *Carrabine v. Brown* (Aug. 13, 1993), Geauga App. No. 92–G–1736, unreported, 1993 WL 318809 (A motion for relief from judgment under Civ.R. 60(B)(1) cannot be predicated upon the argument that the trial court made a mistake in rendering its decision.).

Thus, the true nature of the motion submitted and considered was that of a motion for reconsideration, which is not recognized under the Ohio Rules of Civil Procedure. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105. Accordingly, the common pleas court was without jurisdiction to consider the motion, and the resulting judgment based upon the motion is a nullity. *Id.*

Moreover, even if the motion were not void, the common pleas court would have been unable to consider the materials attached to the motion unless the record before it indicated that the arbitrator also had these materials before him. In *Cleveland Constr. Interiors, Inc. v. Ruhlin Co.* (Apr. 5, 1991), Lake App. No. 90–L–14–060, unreported, 1991 WL 54150, we held that in ruling upon a motion to vacate an arbitration award, a common pleas court must base its decision solely upon the record of the arbitration proceeding, including a transcript of the arbitration hearing.

The record before this court does not show that all of the materials attached to appellees' brief were before the arbitrator. For example, there is no indication that he ever had the report of factfinder Nels Nelson. This report was issued as a result of an impasse in the collective bargaining negotiations in 1990, and it demonstrated that the provision concerning past disciplinary actions had been negotiated out of the current collective bargaining agreement. Thus, it formed the factual basis for appellees' argumentation in its motion for relief (reconsideration).

That being the case, the common pleas court had no basis to reverse itself, as it could not have independently considered the report of the factfinder. Thus, the only valid judgment in this matter is the one which the common pleas court issued on March 21, 1994, affirming the arbitration award. The appeal time for that judgment had long since run, as neither a motion for relief nor a motion for reconsideration tolls the time for filing a notice of appeal. See *Town & Country Drive–In Shopping Centers, Inc. v. Abraham* (1975), 46 Ohio App.2d

262, 267, 75 O.O.2d 416, 419, 348 N.E.2d 741, 744–745; *Ditmars v. Ditmars* (1984), 16 Ohio App.3d 174, 176, 16 OBR 184, 186, 475 N.E.2d 164, 165–166.

The judgment of the common pleas court of June 2, 1994 is, therefore, declared void. Accordingly, the judgment of the common pleas court is reversed and it is ordered that the preceding judgment of March 21, 1994 affirming the arbitration award be reinstated.

*Judgment accordingly.*

JOSEPH E. MAHONEY, J., concurs.

FORD, P.J., concurs separately.

FORD, Presiding Judge, concurring.

Although I concur with the resolution obtained by the majority, I do not agree that the trial court's order granting relief from judgment is void. The majority reaches this result by concluding that appellees' motion for relief from judgment was in actuality a motion for reconsideration. Since such a motion is not provided for in the rules, the majority continues, the trial court's entry granting the relief requested was a nullity. In obtaining this conclusion, the majority relies upon *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, but I do not find it applicable in the instant action.

In *State ex rel. Pajestka v. Faulhaber* (1977), 50 Ohio St.2d 41, 4 O.O.3d 113, 362 N.E.2d 263, the Supreme Court of Ohio addressed a matter with a similar factual scenario. Specifically, an original action was filed in the appellate court, which ordered that briefs be filed. However, appellants failed to file one, and the court dismissed the matter. Appellants then filed a motion for reconsideration and alleged that they had not received proper notice of the court's order requiring submission of the brief. The appellate court denied the motion.

In upholding the dismissal, the Supreme Court of Ohio noted that the motion for reconsideration was improper, as "appellants mistakenly attempted to file a motion not prescribed for a court having original jurisdiction." *Id.* at 42, 4 O.O.3d at 113, 362 N.E.2d at 263. The court noted though that "[t]he proper remedy for appellants in this situation is to file a motion for relief from judgment under Civ.R. 60(B)(5). This rule provides that a party may obtain relief from the final judgment, order or proceeding of a court for any reason justifying relief from the judgment * * *." *Id.* The motion filed here was expressly captioned "Motion for Relief from Judgment" and brought pursuant to Civ.R. 60(B)(1) and 60(B)(5), and thus would provide a jurisdictional basis for review. As such, I believe, the motion was indeed proper and not a nullity.