[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
This is an accelerated appeal taken from a final judgment of the Willoughby Municipal Court. Appellant, Gabrielle Omlin, appeals from the trial court's denial of her motion for relief from judgment.
Appellant is a citizen of Switzerland. In 1994, appellant entered the United States on a visa and moved to Ohio in order to monitor a work-related project. Upon her arrival, appellant rented a house in Willoughby Hills, Ohio from appellee, Chris Ursetti. On November 22, 1994, the parties executed a six-month written lease agreement by which appellant leased the premises from December 1, 1994 until June 1, 1995. Pursuant to this document, appellant agreed to pay a $1,000 security deposit and $1,000 per month in rent to appellee.
Thereafter, the parties entered into a new lease on February 1, 1995. By the terms of this contract, appellant agreed to rent the house for the fourteen-month period from February 1, 1995 through March 31, 1996 at a monthly rate of $1,000. Appellant paid the entire $14,000 in rent on the day the lease was signed. Her previous security deposit carried over to secure the performance of this second lease.
The new lease contained a covenant securing appellee's right to inspect the premises. It stated: "Lessor and his agents shall have the right at all reasonable times during the term of this lease and any renewal thereof to enter the demised premises for the purpose of inspecting the premises and all building[s] and improvements thereon." By virtue of a handwritten notation on the lease itself, appellee promised to inspect the property only once per month, subject to appellant's consent to the time and date of the inspection.
Appellee's right of inspection, however, soon became a major source of acrimony between the parties. Appellant felt that appellee was abusing his limited privilege to examine the property, while appellee believed that appellant was unduly interfering with his ability to enter the property even once a month. This animosity between the parties continued to fester throughout the lease period.
Finally, on February 13, 1996, appellee filed a complaint against appellant in the trial court. The complaint was brought pursuant to R.C. 5321.05(C)(1) and alleged that appellant was unreasonably withholding consent for appellee to enter the house for purposes of inspection in violation of R.C. 5321.05(B).[1]
Appellee sought injunctive relief enjoining appellant from making any further alterations to the property and ordering her to allow appellee to inspect the premises. He also requested reasonable attorney fees incurred as a result of the litigation. Appellant filed an answer to the complaint and a counterclaim against appellee on February 29, 1996.
On March 5, 1996, the matter came on for a hearing before a magistrate. Both parties were present and represented by legal counsel. After the hearing, the magistrate issued a written decision in which he found that the parties had reached an agreement as to an exact date and time for appellee to inspect the property. The magistrate ordered the inspection to go forward as agreed upon by the parties. In a judgment entry dated March 19, 1996, the trial court adopted the magistrate's decision as its own and scheduled a pretrial conference for April 2, 1996 to discuss any pending claims.
On March 25, 1996, counsel for appellant filed two motions: (1) a motion to withdraw appellant's counterclaim against appellee; and (2) a motion to withdraw as appellant's counsel at her request. The trial court granted both motions the following day. Thus, as of March 26, 1996, appellant was proceeding pro se
in this matter.
As stated previously, the lease under which appellant occupied appellee's house as a tenant was set to expire on March 31, 1996. The termination of the lease was timed to coincide with the expiration of appellant's visa on March 30, 1996 at which time she was to return to her native Switzerland.
The record contains a document bearing a time-stamped date of April 1, 1996 that was filed pro se by appellant. As part of this filing, appellant included a letter addressed to the trial court that was dated March 30, 1996. In this letter, appellant expressly acknowledged receiving a copy of the trial court's March 19, 1996 judgment entry in which the court adopted the magistrate's decision and scheduled a pretrial conference for April 2, 1996. Appellant stated in the letter: "[T]he lease is up [at the] end of March 1996 and my visit here is terminated. I am not available for a Pretrial on April 2, 1996 or any further trial on this eviction complaint."
A pretrial conference was conducted on April 2, 1996 by a magistrate. The magistrate's report recommended that the trial court set the matter for trial on the question of whether appellee was entitled to recover any actual damages together with reasonable attorney fees based on appellant's alleged infringement of the right to enter the premises under R.C. 5321.05(B). Upon review of the magistrate's report, the trial court issued a judgment entry on April 3, 1996 ordering that the case be scheduled for trial on May 15, 1996.
Thereafter, appellee's counsel moved for a continuance of the trial due to a previously scheduled trip. In a judgment entry dated April 16, 1996, the trial court granted the continuance and rescheduled the trial for May 24, 1996.
The record then contains a document filed in the trial court by appellant on May 23, 1996 via a facsimile transmission from Switzerland. This document contains an affidavit of appellant in which she avers that she received copies of the trial court's judgment entries of April 3 and April 16, 1996. As previously indicated, the former entry scheduled the original trial date, while the latter entry postponed it until May 24, 1996.
In this affidavit, appellant also stated as follows: "I am unable to appear in Court on May 24, 1996 at 2:00 p.m. for reasons beyond my control, but due to the Regulations of the Immigration and Naturalization Service of the US Department of Justice." Appellant, however, did not request a continuance of the trial. Instead, the affidavit contained averments denying the substance of the allegations contained in appellee's complaint. Appellant apparently wanted the trial court to consider these averments in place of her live testimony when the matter came on for trial.
The case did proceed to trial before a magistrate as scheduled on May 24, 1996. Appellee was present and represented by counsel. Appellant did not appear for the trial, and there was no counsel of record to appear on her behalf since she was proceeding pro se.
Appellee was the only witness to testify at the proceeding. He detailed how appellant refused to allow him access to his rental property from September 1995 until appellant vacated the premises at the end of March 1996. Appellee also testified that the house was equipped with an electric garage door opener that functioned properly at the start of the lease period. After appellant moved out, appellee inspected the property and discovered that the garage door opener was damaged and needed to be replaced. By way of exhibits, appellee submitted a written estimate for $320 from a garage door repair company and an itemized bill from his attorney showing $925 of legal fees incurred since the commencement of the litigation.
On May 31, 1996, the magistrate filed a written decision. Among the findings of facts and conclusions of law were the following: (1) appellant violated R.C. 5321.05(B) by failing to allow appellee to inspect the premises after being given reasonable notice of the time and manner of inspection; (2) appellant damaged the garage door opener in the amount of $320; and (3) appellee was entitled to recover reasonable attorney fees of $680, even though the actual fees totaled $925. The magistrate, therefore, recommended that judgment be rendered in favor of appellee in the amount of $1,000 and that appellee should keep appellant's $1,000 security deposit to satisfy the judgment. On June 27, 1996, the trial court adopted the magistrate's decision and entered judgment against appellant in the amount of $1,000 plus ten per cent interest.
A copy of the June 27, 1996 judgment entry was mailed to appellant at her address in Switzerland. Obviously, there was no counsel of record to be notified since appellant had previously dismissed her attorney. Appellant allegedly did not receive the entry until July 26, 1996, thereby precluding her from filing a notice of appeal with this court within the thirty-day time period allowed by App.R. 4(A).
Appellant, nonetheless, decided to retain legal representation once again and through this new counsel filed an appeal with this court on August 23, 1996. Attached to the notice of appeal was an accompanying memorandum in which appellant argued that Article 16 of the Hague Treaty applied to extend her time for filing a notice of appeal. We, however, found Article 16 inapposite as applied to appellant and accordingly dismissed her appeal for lack of jurisdiction. See Ursetti v. Omlin (Nov. 29, 1996), Lake App. No. 96-L-147, unreported.
After her appeal was dismissed by this court, appellant filed a separate action against appellee in the Cuyahoga County Court of Common Pleas. By doing so, appellant was afforded a new chance to engage in discovery, and she took advantage of this opportunity by deposing both appellee and his wife.
Appellant then returned once again to the Willoughby Municipal Court. On June 26, 1997, she filed a motion for relief from judgment pursuant to Civ.R. 60(B). In this motion, she asked the trial court to vacate its June 26, 1996 judgment entered against her based primarily on information derived from appellee's deposition testimony given in the lawsuit pending in the Cuyahoga County Court of Common Pleas.
The trial court assigned the matter to a magistrate for a hearing on appellant's Civ.R. 60(B) motion. The magistrate conducted the hearing on August 15, 1997. Appellant returned from Switzerland to attend the proceeding. She and appellee were present and represented by counsel, and both of them testified.
On September 2, 1997, the magistrate issued a written decision in which he recommended that appellant's Civ.R. 60(B) motion be denied. Appellant subsequently filed written objections to the magistrate's decision. On October 10, 1997, the trial court adopted the recommendation of the magistrate and overruled the motion. In response, appellant filed a thirty-two page motion for reconsideration with attached exhibits. The trial court found that it had previously considered appellant's arguments in support of vacating judgment and, therefore, overruled her motion for reconsideration on November 10, 1997.
In order to preserve her right of appeal, appellant filed an appeal with this court on November 7, 1997. She now asserts the following assignments of error, which we will consider in reverse order:
 "[1.] The trial court erred to the prejudice of the defendant-appellant in denying her Motion for Relief from Judgment Pursuant to Rule 60(B) and her Motion for Reconsideration.
 "[2.] The trial court erred in entering judgment because it lacked subject matter jurisdiction."
In her second assignment of error, appellant posits that the trial court erred in entering the June 26, 1997 judgment because it lacked subject matter jurisdiction over the case. This argument is predicated entirely on appellant's contention that appellee instituted an eviction proceeding against her.
Under Ohio law, a landlord must give a tenant written notice to vacate the premises at least three days prior to instituting a forcible entry and detainer (i.e., eviction) action. R.C.1923.04.[2] See, also, White, Ohio Landlord Tenant Law (1996), Section 13.4, at 280. If the landlord does not provide a statutorily proper three-day notice to the tenant, then the trial court lacks subject matter jurisdiction over the action. KnollGroup Mgt. Co. v. Wolfe (June 28, 1994), Adams App. Nos. 93 CA 553 and 93 CA 554, unreported, at 9-10, 1994 Ohio App. LEXIS 3016.
In her brief before this court, appellant takes the position that appellee filed a forcible entry and detainer action against her without giving at least three days notice to leave the premises before initiating the judicial proceeding. If so, then the trial court lacked jurisdiction to adjudicate appellee's complaint due to his lack of compliance with R.C. 1923.04.
Appellant's position is entirely unfounded. A review of the complaint filed by appellee on February 13, 1996 reveals that it was an action to enjoin alteration of the premises and to enforce the right of inspection under R.C. 5321.05. It was not a forcible entry and detainer action as provided for by R.C. 1923.04.
The complaint actually invoked R.C. 5321.05 as its statutory basis. It neither cited R.C. 1923.04 nor employed any language to suggest that appellee wished to evict appellant from the house prior to the natural termination of the lease on March 31, 1996. Consequently, the three-day notice provision of R.C. 1923.04 was inapplicable, and the trial court did not lack subject matter jurisdiction over the case. Appellant's second assignment is not well-taken.
In her first assignment of error, appellant suggests that the trial court erred by denying her Civ.R. 60(B) motion for relief from judgment and her subsequent motion for reconsideration. We will consider each motion in turn.
Civ.R. 60(B) enumerates several grounds upon which relief from final judgments and orders may be granted. It provides in part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
In order to prevail on a motion brought under Civ.R. 60(B), the moving party must demonstrate the following: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the enumerated grounds stated in the rule; and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Electricv. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus; Taaffe v. Taaffe (Dec. 26, 1997), Trumbull App. No. 96-T-5616, unreported, at 6-7, 1997 Ohio App. LEXIS 5865. The moving party must satisfy all three prongs of the test in order to prevail. Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389,391; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351.
The decision whether to grant a Civ.R. 60(B) motion rests within the sound discretion of the trial court. Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77. The trial court's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. Id.; Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 66; Taaffe, 1997 Ohio App. LEXIS 5865, at 7.
The denial of appellant's Civ.R. 60(B) motion in the trial court was predicated on the first and third prongs of the GTE
test. In affirming the trial court's decision, we elect to rely on the second prong of the GTE analysis, to wit: appellant failed to prove that she was entitled to relief under one of the grounds stated in Civ.R. 60(B).
Appellant's Civ.R. 60(B) motion requested relief on the grounds of excusable neglect under (B)(1), newly discovered evidence under (B)(2), and fraud, misrepresentation, or other misconduct of an adverse party under (B)(3). With regard to the first ground, appellant's neglect in defending herself against the action was not excusable. The record reflects that appellant initially was represented by counsel, but that her attorney filed a motion to withdraw at appellant's request on March 25, 1996. Upon the granting of the motion, appellant was proceeding pro se by her own choice. Appellant knew that not only was the pretrial hearing scheduled for early April, but that her visa expired at the end of March.
Despite her imminent departure from the country and the pending pretrial hearing, appellant dismissed her counsel and elected to represent herself.
Appellant notified the trial court that not only would she miss the pretrial, but that she would also be unavailable for "any further trial" stemming from appellee's complaint. Appellant then missed the pretrial because she was in Switzerland. The trial court set the trial for May 24, 1996 and sent notice of the date to appellant in Switzerland. It is uncontroverted that appellant received this notice. Rather than requesting a continuance until she was able to retain counsel or able to re-enter the United States, appellant faxed an affidavit to the trial court in which she indicated that she would not be attending this or any other trial.
Under these circumstances, we are not inclined to view appellant's actions as excusable neglect. Appellant can not now be heard to complain that she was not at the May 24, 1996 trial when she declared that she would be unavailable for "any further trial" and then failed to move for a continuance after leaving the country without any retained counsel to represent her interests in the pending litigation.
Appellant next claims that she was entitled to have the judgment against her vacated on the grounds of newly discovered evidence under (B)(2) and fraud, misrepresentation, or other misconduct of an adverse party under (B)(3). These reasons are interrelated in that both are predicated on appellee's deposition testimony given in the lawsuit filed in the Cuyahoga County Court of Common Pleas. Essentially, appellant contends that this deposition testimony contradicted the allegations contained in appellee's complaint and his testimony given at the May 24, 1996 trial.
Initially, we would note that appellant could have moved to depose appellee in the original action filed in the trial court. Alternatively, appellant could have retained counsel to appear on her behalf at the May 24, 1996 trial for the purpose of cross-examining appellee regarding the right to inspect the premises and the purported damage to the garage door opener. Instead, appellant waited until a judgment had been rendered against her in the trial court, only after which did she file a separate action against appellee in a different court in order to depose him.
Upon review, we do not believe that the trial court abused its discretion in declining to vacate its previous judgment on the grounds of newly discovered evidence or fraud, misrepresentation, or other misconduct of an adverse party. Appellant did not prove that she was entitled to relief based on her newly discovered evidence, and she certainly did not establish that appellee had engaged in any improper conduct.
Finally, appellant also suggests in her brief that she is entitled to relief from judgment because appellee's counsel perpetrated a fraud on the court during the May 24, 1996 proceeding. Specifically, appellant claims that counsel for appellee misled the magistrate into believing that appellant's liability for damages and attorney fees had already been established at the April 2, 1996 pretrial hearing. From appellant's perspective, counsel induced the magistrate into believing that the need for a trial had been obviated, and the sole purpose of the May 24, 1996 hearing was to award appellee damages and attorney fees.
At the outset, it would be helpful to distinguish fraud on the court from fraud by an adverse party for purposes of Civ.R. 60(B). If the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment. Coulson v. Coulson (1983), 5 Ohio St.3d 12,15. If, however, a fraud is perpetrated on the trial court, then Civ.R. 60(B)(5) presents the proper basis for requesting relief from an otherwise final judgment or order. Id.; Taaffe, 1997 Ohio App. LEXIS 5865, at 8-9.
The Supreme Court of Ohio has noted that any fraud connected with the presentation of a case is a fraud on the court in the broadest sense. Coulson, 5 Ohio St.3d at 15. The court, however, went on to hold that for purposes of Civ.R. 60(B)(5), a fraud on the court generally requires that the fraud be perpetrated by an officer of the court (e.g., an attorney) which compromises the ability of the judiciary to adjudge the case in an impartial manner. Id.
In the instant matter, a review of the record reveals where the confusion arose regarding the nature of the May 24, 1996 proceeding. After the pretrial was conducted on April 2, 1996, the magistrate issued a report recommending that the matter be set for trial on the issues of damages and attorney fees. There was no objection to this recommendation. Thereafter, the trial court ordered a trial on those issues.
At the May 24, 1996 trial, a different magistrate was presiding. It was not the same individual who had conducted the April 2, 1996 pretrial hearing. The trial transcript does indicate that the magistrate made inquiry of appellee's counsel as to the nature of the proceeding that was scheduled to take place:
 "[MAGISTRATE]: [W]e're only here on damages and attorney's fees, is that what I understand?
"[COUNSEL]: That's correct.
 "[MAGISTRATE]: I thought all the other issues had been resolved.
 "[COUNSEL]: * * * [T]he other referee knew the back drop to this and acknowledged that my client had been denied access * * * and I don't know that there's ever been a finding of that[,] but that was done."
This excerpt demonstrates that counsel for appellee did not mislead the magistrate into believing that appellant's liability for damages and attorney fees had already been proven at the April 2, 1996 pretrial hearing. Rather, counsel stated that while the other magistrate was familiar with the evidence, he was not sure whether the other magistrate ever made a legal finding of liability. In light of this, it is obvious that counsel for appellee did not perpetrate a fraud on the court.
Despite whatever confusion existed at the outset of the May 24, 1996 proceeding, the magistrate went on to conduct an ex parte
trial on all issues wherein appellee, as the party seeking relief, proceeded in appellant's absence. A judgment based upon an exparte trial is not a default judgment under Civ.R. 55, but rather is a judgment after trial pursuant to Civ.R. 58. Ohio ValleyRadiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986), 28 Ohio St.3d 118,122.
Appellee testified in support of the allegations contained in his complaint. Evidence was presented regarding appellant's interference with the right of inspection and the damage done to the garage door opener. Thereafter, the magistrate issued a decision containing findings of fact and conclusions of law. Among the legal conclusions drawn by the magistrate were that appellant "failed to allow Plaintiff to inspect the premises" and that appellant "caused damage to Plaintiff's garage door opener[.]" The trial court then adopted the magistrate's decision and rendered judgment for appellee.
Appellant was not entitled to relief from judgment under Civ.R. 60(B)(5) due to a fraud on the court. Moreover, she did not establish that the judgment against her should be vacated because of excusable neglect under (B)(1), newly discovered evidence under (B)(2), or fraud, misrepresentation, or other misconduct of an adverse party under (B)(3).
Finally, appellant's first assignment also proposes that the trial court erred by overruling her motion for reconsideration. Two observations are in order regarding this proposition. First, a motion for reconsideration in the trial court is a nullity.Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. See, also, Chester Twp. v. Fraternal Order of Police, Ohio LaborCouncil, Inc. (1995), 102 Ohio App.3d 404, 408; State ex rel.Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60. Second, this case only presents an appeal from the trial court's October 10, 1997 judgment denying the Civ.R. 60(B) motion. Appellant never filed an appeal from the trial court's November 10, 1997 judgment overruling her motion for reconsideration.
Thus, the denial of appellant's motion for reconsideration is not even properly before this court. Even if it was, the trial court's order disposing of such motion was itself a nullity.
The trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion for relief from judgment, and appellant's corresponding motion for reconsideration was a legal fiction that is not recognized under the Ohio Rules of Civil Procedure. Finally, without further analysis, we agree with the trial court that appellant's Civ.R. 60(B) motion was not filed within a reasonable time, even though it was within one year from the date of the judgment entry. Hence, appellant's first assignment is without merit.
Based on the foregoing analysis, appellant's two assignments of error are not well-taken. Accordingly, the judgment of the trial court is affirmed. ____________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
O'NEILL, J.,
CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.
[1] R.C. 5321.05 reads in part:
 "(B) The tenant shall not unreasonably withhold consent for the landlord to enter into the dwelling unit in order to inspect the premises, make ordinary, necessary, or agreed repairs, decorations, alterations, or improvements, deliver parcels that are too large for the tenant's mail facilities, supply necessary or agreed services, or exhibit the dwelling unit to prospective or actual purchasers, mortgagees, tenants, workmen, or contractors.
 "(C)(1) If the tenant violates any provision of this section, other than division (A)(9) of this section, the landlord may recover any actual damages that result from the violation together with reasonable attorney's fees. This remedy is in addition to any right of the landlord to terminate the rental agreement, to maintain an action for the possession of the premises, or to obtain injunctive relief to compel access under division (B) of this section."
[2] R.C. 1923.04 provides in pertinent part:
 "(A) Except as provided in division (B) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted."