JOURNAL ENTRY AND OPINION
Plaintiff-appellant Ronald E. Henderson[1] ("Henderson") appeals from the trial court's denial of his motion for relief from judgment, without benefit of an evidentiary hearing, pursuant to Civ.R. 60(B). For the reasons adduced below, we affirm.
The record on appeal indicates that Henderson, acting pro se, filed his original complaint on February 28, 2000, alleging breach of contract by defendant-appellee Larry Rosewicz, dba The Printing Center ("Rosewicz"), in connection with the delivery of 500 printed color brochures which were allegedly of poor workmanship and non-conforming. The contract price for the 500 brochures was $2,049.05; Henderson did use some of these brochures. Rosewicz, acting pro se, filed his answer on March 28, 2000. An amended complaint, adding a separate claim for breach of contract against a new party defendant (John Heffenfelder, dba Quik Offset Printing, an alleged subcontractor of Rosewicz) was filed by Henderson, again acting pro se, on July 3, 2000. Thereafter, on August 3, 2000, Henderson, still pro se, filed a second amended complaint adding a new party defendant (Roy Moore, dba Quik Offset Printing, an alleged subcontractor of Rosewicz).
On October 13, 2000, defendants Heffenfelder and Moore filed a motion to dismiss, arguing that they were not a real party in interest because no contract existed between themselves and co-defendant Rosewicz. This unopposed motion was granted by the trial court on February 22, 2001.
On March 19, 2001, the action between Henderson and Rosewicz was heard at a bench trial. The April 9, 2001 journal entry by the court provides, in pertinent part, the following:
 This matter proceeded to trial on March 19, 2001. Plaintiff and Defendant were present. Defendant owns a printing company. Plaintiff hired Defendant to produce 500 brochures. Plaintiff told Defendant he needed brochures of magazine quality. Defendant represented that he could produce such a brochure for the Plaintiff. Plaintiff, through a representative, presented a sample of a brochure of magazine quality to Defendant and asked Defendant if he could produce a brochure of the same quality. Defendant stated that he could. Plaintiff paid Defendant $2,049.05 to produce the brochures. When Plaintiff went to pick up the finished brochures, he discovered they were not of the magazine quality guaranteed by Defendant. Defendant reprinted the brochures. However, the reprinted brochures were still not of the quality expected by Plaintiff and guaranteed by Defendant. Defendant offered to return/refund $500.00 of Plaintiff's money. Plaintiff refused to accept the money.
 The Court finds that a contract existed between the parties which was breached by Defendant when Defendant failed to produce brochures of magazine quality. Plaintiff relied, to his detriment, on the representations of Defendant. However, Defendant did offer a return of $500.00 to Plaintiff, which Plaintiff refused to accept. Therefore, Plaintiff's damages will be reduced by this amount.
 Judgment for Plaintiff on the Complaint in the amount of $1,549.05, plus costs and interest at 10% per annum from date of judgment.
* * *
Henderson did not file a direct appeal from this April 9, 2001 final order. Instead, Henderson, on May 22, 2001, filed a pro se motion to vacate the April 9, 2001 judgment, arguing mistake by the court pursuant to Civ.R. 60(B)(1) and (5). The mistake was that it was, in fact, Henderson who offered to pay $500 to Rosewicz for 200 of the brochures which were used by Henderson, and that it was Rosewicz who refused Henderson's $500 offer for partial performance. See Tr. 41-42. Thus, movant argued that the trial court improperly reduced the damage award by $500.
On July 5, 2001, the trial court denied Henderson's unopposed motion to vacate, stating in pertinent part the following:
 Plaintiff's Motion to Vacate is denied. Even if the Court found that it was the Plaintiff who offered to purchase $500.00 worth of the brochures, out of the $2,049.00 contract price, the Plaintiff would still only be entitled to $1,549.05 in damages. This would be because Plaintiff's offering to pay Defendant $500.00 and Plaintiff's use of some of the brochures would constitute acceptance by Plaintiff of Defendant's performance of part of the contract.
* * *
Henderson, still pro se, filed his notice of appeal on August 1, 2001 from the order denying relief from judgment. Two assignments of error are presented for review.[2] These assignments will be discussed jointly since they both argue the application of Civ.R. 60(B) relief. The two assignments provide:
 1. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE ORDER WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING WHERE THE MOTION CONTAINED ALLEGATIONS OF OPERATIVE FACTS WHICH WOULD WARRANT RELIEF UNDER CIV.R. 60(B), AND WHERE THE APPELLANT HAS MET ALL OF THE REQUIREMENTS UNDER CIV.R. 60(B).
 2. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE ORDER WHEN APPELLANT HAD SET FORTH VALID REASONS FOR VACATING THE ORDER AND APPELLEE FAILED TO FILE A BRIEF IN OPPOSITION.
Our analysis of an appeal from a motion for relief from judgment is guided by the following:
 Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *; 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, release or discharged * * *; or 5) any other reason justifying relief from the judgment.
 A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; Kadish, Hinkle Weibel Co. L.P.A. v. Rendina (1998), 128 Ohio App.3d 349, 352, 714 N.E.2d 984. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11, 371 N.E.2d 214. A reviewing court, therefore, will not disturb the trial court's decision absent a clear showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 102, 316 N.E.2d 469. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 The gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings. See Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, 153, 518 N.E.2d 1208. In other words, Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court; rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment. Kay v. Marc Glassman (1996), 76 Ohio St.3d 18, 665 N.E.2d 1102.
 In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious claim or defense; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The movant's burden is only to allege a meritorious defense not to prevail on the merits of the defense. Moore v. Emmanuel Family Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 479 N.E.2d 879. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648. The trial court abuses its discretion where grounds for relief from judgment are sufficiently alleged and are supported with evidence that would warrant relief from judgment but fails to hold a hearing on the matter. Kay v. Marc Glassman, Inc., supra; see, also, Brotherhood of Locomotive Engineers v. Dixon,
1998 Ohio App. LEXIS 3412 (July 23, 1998), Cuyahoga App. No. 72269, unreported. However, the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet all three of the GTE requirements. Volodkevich v. Volodkevich, supra.
Mester v. Washington (Oct. 19, 2000), Cuyahoga App. No. 77312, unreported, 2000 Ohio App. LEXIS 4884 at 5-8; see, also, Laidley v. St.Luke's Med. Ctr. (Jun. 3, 1999), Cuyahoga App. No. 73553, unreported, 1999 Ohio App. LEXIS 2567 at 24, citing Chester Twp. v. Fraternal Orderof Police (1995), 102 Ohio App.3d 404, 408, and Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, 131 (a motion for relief from judgment pursuant to "Civ.R. 60[B][1] cannot be predicated upon the argument that the trial court made a mistake in rendering its decision" or be used as a substitute for direct appeal).
In the present appeal, we note that the motion to vacate argued mistake by the trial court in rendering its judgment. This is an improper use of a motion for relief from judgment and an attempt to use the motion as a substitute for a direct appeal from the judgment. Laidley, supra. Thus, any appeal from the April 9, 2001 judgment would be untimely. See App.R. 3 and 4. Even if the appellant's post-judgment motion practice was proper, the trial court acted within its discretion in denying the motion on its merits.
The motion to vacate set forth mistake by the court in the interpretation of certain evidence, a valid ground for relief under Civ.R. 60(B)(1), and that the motion was filed approximately six weeks after the entry of the trial judgment. Thus, the second and third elements of the GTE standard have been demonstrated by the movant.
The first GTE element, in this case a valid claim, was not demonstrated. As noted by the trial court in its disposition of the motion to vacate, the evidence put forth by plaintiff at trial indicated that plaintiff-appellant used approximately 200 of the 500 brochures which were supplied by defendant-appellee, and plaintiff-appellant, via his offer to Rosewicz, valued those 200 brochures at $500. It is understood that a party alleging a breach of contract is entitled to compensatory damages (also known as expectation damages) which will compensate for actual losses so that the aggrieved party will be placed "in as good a position as he would have been in had the contract been performed." Restatement of the Law 2d, Contracts (1981) 102-103, Section 344. Had the contract been fully performed in this case, Henderson would have paid Rosewicz $2,049.05 for the receipt of 500 acceptable brochures. Yet, the value of Rosewicz' partial performance must be deducted from the value of the contract had it been fully performed; otherwise, Henderson will have received more than the benefit of his bargain. See Rasnick v. Tubbs (1998), 126 Ohio App.3d 431, 437-438, citing Restatement, supra at Section 347, Comment e, Illustration 12, and Section 352. Thus, the trial court properly reduced the judgment award by $500 in recognition of Rosewicz' part performance for tendering brochures which appellant was willing to accept. Thus, appellant did not demonstrate a meritorious claim in the event the motion to vacate were granted. Having not demonstrated each of the three GTE elements, the trial court did not abuse its discretion in ruling on the motion without conducting an evidentiary hearing.
Assignments overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, A.J., and KENNETH A. ROCCO, J., CONCUR.
[1] Henderson is a licensed attorney in the State of Ohio.
[2] Rosewicz has not filed an appellee brief.