JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Peter R. Vidovic appeals from the July 18, 2002 denial of his motion for relief from judgment without benefit of an evidentiary hearing. For the reasons adduced below, we affirm.
 {¶ 2} A review of the record on appeal indicates that the parties were divorced in 1987. Thereafter, a great deal of motion practice ensued over the years between the parties.
 {¶ 3} On June 27, 2000, the trial court's magistrate issued a decision which, in part, granted plaintiff-appellee Victoria Vidovic's (presently known as Victoria Krabec) motion to modify child support and ordered her to pay $2,000 toward defendant's attorney fees. Defendant filed objections to this decision on July 11, 2000. On August 22, 2000, the trial court overruled these objections and adopted the magistrate's decision. No direct appeal was filed from this judgment.
 {¶ 4} On July 10, 2002, defendant filed a motion for relief from the judgment of August 22, 2000 alleging Civ.R. 60(B)(5) as the basis for the motion. Defendant argued that the magistrate's decision relied on incorrect employment information and that the revised terms of child custody payments was impossible to maintain.
 {¶ 5} On July 18, 2002, without first conducting an evidentiary hearing, the trial court denied the motion for relief from judgment. The notice of appeal was filed on August 15, 2002 from this ruling.[1]
 {¶ 6} The lone assignment of error presented for review states the following: "Whether The Trial Court Erred And Abused Its Discretion By Failing To Hold A Hearing On Defendant-Appellant's Motion For Relief From Judgment."
 {¶ 7} The following was recently stated by this appellate court with regard to an appeal from a ruling on a motion for relief from judgment:
 {¶ 8} "Our analysis of an appeal from a motion for relief from judgment is guided by the following:
 {¶ 9} "Civ.R. 60(B) provides that a court may relieve a party from a judgment or order of the court when certain requirements are met: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *; 3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, released or discharged * * *; or 5) any other reason justifying relief from the judgment.
 {¶ 10} "A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; Kadish,Hinkle Weibel Co. L.P.A. v. Rendina (1998), 128 Ohio App.3d 349,352, 714 N.E.2d 984. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11, 7 Ohio Op.3d 5, 371 N.E.2d 214. A reviewing court, therefore, will not disturb the trial court's decision absent a clear showing of an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122;Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 102, 68 Ohio Op.2d 251,316 N.E.2d 469. The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 Ohio B. 481, 450 N.E.2d 1140.
 {¶ 11} "The gist of post-trial relief is to remedy an injustice resulting from a cause that cannot reasonably be addressed during the ordinary trial and appellate proceedings. See Volodkevich v. Volodkevich
(1988), 35 Ohio St.3d 152, 153, 518 N.E.2d 1208. In other words, Civ.R. 60(B) is not a viable means to attack legal errors made by a trial court; rather, it permits a court to grant relief when the factual circumstances relating to a judgment are shown to be materially different from the circumstances at the time of the judgment. Kay v. Marc Glassman
(1996), 76 Ohio St.3d 18, 665 N.E.2d 1102.
 {¶ 12} "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: (1) he has a meritorious claim or defense; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARCIndustries (1976), 47 Ohio St.2d 146, 1 Ohio Op.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. The movant's burden is only to allege a meritorious defense not to prevail on the merits of the defense. Moorev. Emmanuel Family Training Ctr., Inc. (1985), 18 Ohio St.3d 64, 18 Ohio B. 96, 479 N.E.2d 879. If any of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351, 6 Ohio B. 403, 453 N.E.2d 648. The trial court abuses its discretion where grounds for relief from judgment are sufficiently alleged and are supported with evidence that would warrant relief from judgment but fails to hold a hearing on the matter. Kay v. Marc Glassman, Inc., supra,665 N.E.2d 1102 see, also, Brotherhood of Locomotive Engineers v. Dixon, 1998 Ohio App. LEXIS 3412 (July 23, 1998), Cuyahoga App. No. 72269, unreported. However, the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet all three of the GTE requirements.Volodkevich v. Volodkevich, supra, 35 Ohio St.3d 152; Mester v.Washington (Oct. 19, 2000), Cuyahoga App. No. 77312, unreported, 2000 Ohio App. LEXIS 4884 at 5-8; see, also, Laidley v. St. Luke's Med. Ctr.
(June 3, 1999), Cuyahoga App. No. 73553, unreported, 1999 Ohio App. LEXIS 2567 at *24, citing Chester Twp. v. Fraternal Order of Police (1995),102 Ohio App.3d 404, 408, 657 N.E.2d 348, and Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128, 131, 28 Ohio B. 225,502 N.E.2d 605 (a motion for relief from judgment pursuant to Civ.R. 60[B][1] cannot be predicated upon the argument that the trial court made a mistake in rendering its decision or be used as a substitute for direct appeal)." Henderson v. Rosewicz (Mar. 21, 2002), Cuyahoga App. No. 80038, 2002-Ohio-1266, 2002 Ohio App. LEXIS 1280 at *6-9.
 {¶ 13} Civ.R. 60(B)(5), "cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment." State ex rel. Richard v. Cuyahoga Cty.Commissioners, 89 Ohio St.3d 205, 206, 2000-Ohio-135, citing Key v.Mitchell (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548, 549, and Stateex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268,1269. Defendant-appellant's claim concerning the propriety of the trial court's August 22, 2000 judgment could have been raised in a timely appeal from that judgment, but was not. Accordingly, it was not an abuse of discretion for the trial court to deny the July 10, 2002 motion for relief from judgment without an evidentiary hearing.
Assignment overruled.
COLLEEN CONWAY COONEY, P.J., and TIMOTHY E. McMONAGLE, J., concur.
[1] Plaintiff-appellee Victoria Vidovic has not filed an appellee's brief in this matter.