OPINION
{¶ 1} Defendant-appellant, Grace Huston (hereinafter "Grace"), appeals the judgment of the Seneca County Court of Common Pleas, denying her Civ.R. 60(B) motion to set aside a protection order that had been granted approximately seven months earlier.
 {¶ 2} On July 9, 2003, Mark Cosiano (hereinafter "Mark") petitioned for an ex parte Stalking Protection Order against Grace, the mother of his minor child, which was granted. On July 23, 2003, a full hearing was held on the protection order, pursuant to R.C. 2903.214. Grace was not present at that hearing. On July 25, 2003, the entry granting the protection order was filed.
 {¶ 3} On February 27, 2004, Grace filed a Civ.R. 60(B) motion, seeking to set aside the protection order claiming that through mistake, inadvertence, surprise or excusable neglect she failed to appear at the final hearing in July due to her belief that the hearing had been continued. Grace asserted that when she received the information that the hearing was proceeding as scheduled, it was too late for her to make arrangements to leave her job and appear at the hearing.
 {¶ 4} A hearing was held on Grace's motion on May 5, 2004. On July 14, 2004, the magistrate issued a decision denying the motion to set aside the protection order finding that it was not reasonably timely in light of the circumstances.
 {¶ 5} On November 30, 2004, following a grant of extension of time Grace filed her objections to the magistrate's decision. The trial court subsequently denied the objections.
 {¶ 6} It is from this judgment that Grace appeals and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred as a matter of law when it granted a petition fora civil protection order without first requiring the petitioner topresent evidence amounting to a preponderance of the evidence to establishstalking.
 {¶ 7} In her first assignment of error, Grace contends that the trial court erred in granting the protection order on the basis that Mark did not present any evidence at the full hearing held on July 23, 2003. Mark concedes that he did not present evidence but argues that in light of Grace's absence at the hearing, evidence was unnecessary as he was entitled to judgment by default for Grace's failure to appear.
 {¶ 8} App. R. 3(A) provides that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App. R. 4 provides in part that this notice shall be filed within thirty days of the judgment or order appealed from. Where a notice of appeal is not filed within the time prescribed by law, the reviewing court is without jurisdiction to consider the issues that should have been raised in the appeal. State ex rel.Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58, 60
(citations omitted).
 {¶ 9} In the case sub judice, the trial court granted the protection order on July 25, 2003. Grace had until August 25, 2003 to file a notice of appeal, however, she did not do so. It is well-settled that a Civ.R. 60(B) motion is not a post-judgment motion that suspends the time for filing a notice of appeal. Chester Twp. v. Fraternal Order of Police,Ohio Labor Council, Inc. (1995), 102 Ohio App.3d 404, 408 (citations omitted). A Civ.R. 60(B) motion is also not a substitute for an appeal and may not be used to circumvent or extend the time for filing an appeal. Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. Accordingly, due to Grace's failure to file a direct appeal from the issuance of the protection order, we find that she is barred herein from challenging the propriety with which it was granted.
 {¶ 10} Grace's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II When appellant timely filed her 60(B) motion, the trial court erred asa matter of law when it failed to set aside its order.
 {¶ 11} In her second assignment of error, Grace argues that the trial court erred in failing to set aside the protection order when she substantiated her motion with evidence and demonstrated that her motion was filed within one year, as required by the Civil Rules of Procedure.
 {¶ 12} We review a trial court's decision on a Civ.R. 60(B) motion under an abuse of discretion standard. Strack v. Pelton, 70 Ohio St.3d 172,174, 1994-Ohio-107. Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In order to prevail on a motion brought under Civ.R. 60(B), "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 13} In the instant case, Grace submitted an affidavit with her motion stating that based on a Motion for Continuance she received in the mail on July 21, 2003, she believed the hearing scheduled for July 23, 2003 to be continued and rescheduled at a later time. She further averred that she was notified at 9:15 a.m. on July 23, 2003 that the hearing had not been continued and that she would need to attend the hearing, which was scheduled to begin at 10:00 a.m. After making arrangements to leave work, Grace stated that she drove to the courthouse and arrived shortly after 10:00 a.m. and observed Mark and his counsel leaving the courthouse. After speaking to a court employee, she was told that court was out of session and she would not be able to speak to the judge. Grace averred that she did not know what to do at that point.
 {¶ 14} On the basis of this evidence, the magistrate determined that although Grace's motion was filed within the one-year limitation period, pursuant to Civ.R. 60(B), it was still seven months after the granting of the protection order at a hearing that Grace did not attend. The magistrate found that "[t]he most important point to the Magistrate is that, while represented by counsel on the day of the full hearing, the respondent and counsel did not come to the hearing or make a proper motion for continuance of the hearing on that day." The magistrate found that Grace's motion was not timely and did not believe that Grace's credibility was a critical consideration of the reasonable time issue.
 {¶ 15} On objections from the magistrate's decision, the trial court stated that it had reviewed the file and the transcript of the hearing on the Civ.R. 60(B) motion. After review, the trial court determined that, under the circumstances, seven months was an unreasonable length of time to file the motion to set aside the protection order.
 {¶ 16} After reviewing the evidence herein, we cannot find that the trial court abused its discretion in determining that Grace's Civ.R. 60(B) motion was not filed within a reasonable time. Even if we were to find that the trial court erred in this decision, we cannot find that Grace would be entitled to relief on the basis of mistake, inadvertence, surprise or excusable neglect. The record reveals that Grace never received any documentation indicating that the hearing scheduled for July 23, 2003 was continued, but she only assumed from her receipt of Mark's Motion for Continuance that the matter would be continued. Accordingly, we cannot affirmatively determine that Grace's actions were excusable.
 {¶ 17} Grace's second assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Bryant and Rogers, JJ., concur.