{¶ 1} Plaintiff-appellant Alan G. Pearlman appeals from a summary judgment rendered in favor of defendant-appellee Bill Sukenik. Pearlman purchased an apartment building from Sukenik and alleged that Sukenik misrepresented the number of rentable units in the building because one of the units had been illegally converted from a party room. Pearlman complains that the court erred by granting summary judgment because (1) the conversion of the unit from a party room into a rental unit was illegal and rendered the unit unrentable and (2) he had been denied the right to complete discovery. Pearlman also argues that the court abused its discretion by denying his motion for relief from judgment. We find no error and affirm.
 I {¶ 2} In his first assignment of error, Pearlman argues that the court erred by granting summary judgment because he set forth sufficient evidence to show that unit 114 had been illegally converted and was therefore "not legally rentable or saleable."
 A {¶ 3} Conspicuously missing from Pearlman's argument on appeal is any reference to misrepresentation and fraud. Instead, Pearlman argues in a very general sense, without reference to the specific elements of any tort, that Sukenik sold him a building with 38 units, of which only 37 units could be "legally" rented — thus diminishing the actual value of the property he purchased.
 {¶ 4} An appellate court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A). See App.R. 12(A)(2). The elements of both fraud and misrepresentation are well-defined. There being no reference to the elements of either tort, we deem Pearlman to have waived reliance on them for purposes of appeal.
 B {¶ 5} Pearlman has sufficiently argued that the court erred by granting summary judgment on the breach of contract cause of action. This cause of action is premised on his conclusion that unit 114 is "illegal." In an affidavit attached to his brief in opposition to summary judgment, Pearlman stated "I became aware that no zoning variance was requested and/or granted by the City of Shaker Heights in relation to the creation of unit #114 * * *."
 {¶ 6} Summary judgment may issue when, construing the evidence most strongly in favor of the non-moving party, there is no genuine issue of material fact and reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. See Civ.R. 56(C).
 {¶ 7} The underlying facts are undisputed. In December 2003, Pearlman agreed to purchase the assets of Pedra Properties, a company owned by Sukenik and his wife. The assets of Pedra Properties consisted of an apartment building located in the city of Shaker Heights. Although the contract is silent on the total number of units involved in the sale, the parties agree that there were 38 units in total. Sukenik provided the rent rolls which showed, among other things, that unit 114 had been rented. By his own admission, Pearlman viewed the property, including unit 114, "on numerous occasions." He claimed to have noticed no defects in the unit.
 {¶ 8} The parties contemplated that the city would conduct a point of sale inspection of the building in conjunction with the sale. That inspection occurred and did not reveal any nonconformity with unit 114. Following this inspection, the assets of Pedra Properties transferred to Pearlman.
 {¶ 9} In an affidavit appended to his brief in opposition to Sukenik's motion for summary judgment, Pearlman stated that he became aware that unit 114 had been created from a former party room in the building. He went on to state that he became aware that neither a zoning variance had been granted which would authorize the conversion of the party room to an apartment, nor had any building permits been issued. Hence, he concluded that the unit had been improperly used as an apartment and that its continued use as such would be illegal.
 {¶ 10} Pearlman did not provide the court with a legal basis for his conclusion that unit 114 had been illegally converted from a party room into an apartment. There is no reference to any city law or regulation which had been violated, nor did Pearlman offer any citation issued by the city in relation to the use of unit 114.
 {¶ 11} For his part, Sukenik offered into evidence a certificate attesting that the city had conducted a point of sale inspection, including an inspection of unit 114. The certificate issued despite Pearlman's claim that unit 114 had been illegally converted. Moreover, Sukenik offered as evidence a certificate of occupancy issued by the city which certified all 38 units.
 {¶ 12} Civ.R. 56(E) provides in part, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." (Emphasis added.)
 {¶ 13} Viewing the evidence in a light most favorable to Pearlman does not establish a genuine issue of material fact concerning the illegality of unit 114. Pearlman's claim of illegality appears to be based on nothing more than his own conclusion. While Sukenik offered substantial evidence to show that the city has not determined unit 114 to be illegal, Pearlman offered no evidence in rebuttal. Pearlman's claim, without such evidentiary support, is insufficient to defeat a motion for summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 C {¶ 14} Even if we were to assume that Pearlman established the illegality of unit 114, we would find that the court did not err by granting summary judgment on the contract claim because the express terms of the contract stated that Sukenik did not make any express representations concerning unit 114. Paragraph 9(b) of the contract states:
 {¶ 15} "(b) Except as expressly set forth in the Agreement, the Premises and the personal property are being sold and conveyed hereunder `AS-IS' and `WITH ALL FAULTS' and the Seller has not made, and does not make, and hereby disclaims, any and all express or implied representations and warranties regarding or relating to the condition, suitability for any particular purpose, * * *. The Purchaser acknowledges that except as expressly set forth in this Agreement, no such representations or warranties, expressed or implied, have been made. In agreeing to purchase the Property `as-is' and without representation of warranty, express or implied, except as expressly set forth in this Agreement, the Purchaser acknowledges and represents that it has factored the `as-is' condition of the Property into the price that it has hereby agreed to pay for the Property."
 {¶ 16} By these terms, Pearlman purchased the property in "as-is" condition. He bought it with express acknowledgment that Sukenik had made no representations relating to the suitability of the property "for any particular purpose." Regardless of whether he proved that unit 114 had been illegally converted into an apartment, he took that unit in an "as-is" condition.
 II {¶ 17} In his second assignment of error, Pearlman argues that the court abused its discretion by denying him the right to complete discovery. After the court had set a dispositive motion deadline, Pearlman filed a motion to compel answers to certain interrogatories he had submitted to Sukenik. The court granted the motion to compel discovery, but Pearlman claims that Sukenik did not fully respond to certain interrogatories. This omission, he argues, justifies a reversal of the summary judgment.
 {¶ 18} When served with a motion for summary judgment, a party who claims to be prevented from fully answering that motion for want of completed discovery may turn to Civ.R. 56(F). That rule states:
 {¶ 19} "When affidavits unavailable. Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." (Emphasis sic.)
 {¶ 20} Pearlman did not invoke Civ.R. 56(F) as a basis for seeking additional time in which to respond to the motion for summary judgment. The record shows that he three times requested extensions of time in which to file a response brief to Sukenik's motion, but none of those requests were based on the need to complete discovery as a predicate for responding to the motion for summary judgment.
 {¶ 21} Pearlman cites Tucker v. Webb Corp. (1983), 4 Ohio St.3d 121, among other cases, for the proposition that even though a party does not file a Civ.R. 56(F) motion, a court can erroneously grant summary judgment when the party opposing a motion for summary judgment does not have sufficient time to discover critical facts. Tucker is inapplicable because Pearlman did not give the court any reason to think that he had been limited in his ability to respond to the motion for summary judgment because discovery was incomplete. None of Pearlman's motions for extensions of time gave a want of discovery as a basis for the motions. If Pearlman had issues with Sukenik's failure to provide discovery, he should have asked the court to extend the response deadline and enforce its order compelling discovery.
 {¶ 22} This is not a case where the court had reason to know that the non-moving party had discovery issues. For example, in Roque v. TacoBell, Inc. (Feb. 10, 2000), Cuyahoga App. No. 75413, this court appliedTucker to overturn a summary judgment when the trial court had not ruled upon a motion to compel discovery. Hence, this court stated:
 {¶ 23} "We find it unreasonable for a trial court to require a party opposing a motion [for summary judgment] to produce rebuttal evidence and at the same time to deny that party the opportunity to discover that evidence. Therefore, although the trial court is vested with discretion in its regulation of discovery, we find it an abuse of discretion for the trial court to deny appellant the opportunity to obtain the facts necessary to oppose a motion for summary judgment made against her." Id. at 10-11. Accord Laidley v. St. Luke's Med. Ctr. (June 3, 1999), Cuyahoga App. No. 73553 (court erred by granting motion for summary judgment when it failed to rule upon the non-moving party's motion to compel discovery).
 {¶ 24} Unlike in Roque and Laidley, the court here granted Pearlman's motion to compel discovery. Pearlman did not thereafter complain to the court that Sukenik had failed to comply with that order. By not doing so, Pearlman gave the court no reason to know that discovery had not been completed. Therefore, the court could not have abused its discretion by proceeding to render summary judgment.
 III {¶ 25} In his third assignment of error, Pearlman complains that the court abused its discretion by denying his Civ.R. 60(B) motion for relief from judgment without first conducting a hearing.
 {¶ 26} Civ.R. 60(B) states in part:
 {¶ 27} "* * * the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 28} In GTE Automatic Elec, Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, the supreme court held at paragraph two of the syllabus:
 {¶ 29} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 30} The court should hold a hearing on a motion for relief from judgment when the motion contains operative facts warranting relief under Civ.R. 60(B). Kay v. Marc Glassman, Inc., 76 Ohio St.3d 18, 19,1996-Ohio-430.
 {¶ 31} Pearlman offered three grounds as entitling him to relief from judgment. First, he claimed inadvertence or mistake under Civ.R. 60(B)(1) — that the court inadvertently or mistakenly confused the occupancy of unit 114 as constituting its legality. This ground did not afford him relief from judgment because it is well-settled that "a motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision."Chester Twp. v. Fraternal Order of Police (1995), 102 Ohio App.3d 404,408. The type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis. Antonopoulos v. Eisner (1972), 30 Ohio App.2d 187.
 {¶ 32} Second, Pearlman invoked the Civ.R. 60(B)(3) ground of "misconduct of an adverse party" due to Sukenik's failure to provide all requested discovery. "[I]n order to set aside a final Judgment [sic] for fraud, misrepresentation or other misconduct of the adverse party, the conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense." Tower Mgmt. Co. v.Barnes (Aug. 7, 1986), Cuyahoga App. No. 51030, citing to Rozier v. FordMotor Co. (C.A.5, 1978), 573 F.2d 1332, 1339. The federal courts have held that the failure to produce material in response to legitimate discovery requests can constitute misconduct under the identically worded provisions of Fed.R.Civ.P. 60(b)(3), thus justifying relief from judgment. Abrahamsen v. Trans-State Express (C.A.6, 1996), Inc.,92 F.3d 425, 428; Stridiron v. Stridiron (C.A.3, 1983), 698 F.2d 204, 207;Rozier v. Ford Motor Co. (C.A.5, 1978), 573 F.2d 1332, 1339.
 {¶ 33} Nevertheless, this is not a case where a party discovered post-judgment that the opposing party failed to produce material discovery. Pearlman not only knew during the pendency of the proceedings that Sukenik had not produced all the requested discovery, he obtained a court order compelling Sukenik to produce that information. Rather than seek an extension of his briefing deadline to enforce his right to discovery as defined by the court's order granting his motion to compel, Pearlman filed his brief in opposition to summary judgment. By doing so, he forfeited the right to claim that Sukenik engaged in misconduct that left him at a disadvantage in responding to the motion for summary judgment. Hence, he did not demonstrate misconduct as a ground for relief under Civ.R. 60(B)(3).
 {¶ 34} Third, Pearlman argues that he is entitled to relief under the "catch-all" provision of Civ.R. 60(B)(5) on grounds that it would be unjust for the court to let the summary judgment stand in light of Sukenik's failure to provide all responses to his discovery requests. This is a rehash of Pearlman's arguments under Civ.R. 60(B)(1) and (3) and, as such, inappropriate as a basis for vacating judgment. SeeHornyak v. Brooks (1984), 16 Ohio App.3d 105, 106.
 {¶ 35} The court has discretion to decide whether to grant relief from judgment pursuant to Civ.R. 60(B). Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. Pearlman failed to set forth operative facts justifying relief under Civ.R. 60(B), so the court did not abuse its discretion by denying the motion for relief from judgment without a hearing. See Bates Springer, Inc. v. Stallworth (1978),56 Ohio App.2d 223, 228, 382 N.E.2d 1179.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR