[Cite as *Williams v. Wilson-Walker*, 2011-Ohio-1805.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95392**

---

# THOMAS E. WILLIAMS

### PLAINTIFF-APPELLEE

vs.

# WENDY WILSON-WALKER

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. D-315344

**BEFORE:**   Jones, J., Boyle, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 14, 2011

**ATTORNEYS FOR APPELLANT**

Dennis N. Loconti
Michael J. Connick
Connick & Associates Co., L.P.A.
Northpoint Tower, Suite 1720
1001 Lakeside Avenue
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Sunny M. Simon
Skylight Office Tower
1660 West 2nd Street
Suite 410
Cleveland, Ohio 44113


LARRY A. JONES, J.:

{¶ 1} Defendant-appellant, Wendy Wilson-Walker, appeals from the trial court judgment denying her Civ.R. 60(B) motion to vacate. We affirm.

I. Procedural History and Facts

{¶ 2} Plaintiff-appellee, Thomas E. Williams, initiated this divorce proceeding in March 2007. The final hearing was held on December 8, 2008, and on December 15, 2008, the magistrate filed her decision. Wilson-Walker was granted three extensions of time to file her objections to the magistrate's decision. No objections were filed by April 30, 2009, which was the deadline under the third extension. On June 4, 2009, the court issued its final decree.

On December 4, 2009, the trial court filed two qualified domestic relations orders ("QDRO").

On June 3, 2010, Wilson-Walker filed a Civ.R. 60(B) motion to vacate. The trial court denied the motion, without a hearing, on June 10, 2010.

{¶ 3} Wilson-Walker has assigned the following two assignments of error for our review:

> "I. The trial court erred in denying defendant-appellant's motion for relief from judgment without conducting a hearing.

> "II. The trial court erred in finding, without holding a hearing, that the defendant-appellant's motion was a substitute for a timely appeal and therefore was unassailable under Civil Rule 60(B)(3) & (5)."

## II. Law and Analysis

{¶ 4} Because Wilson-Walker's two assignments of error are interrelated, we consider them together.

{¶ 5} Civ.R. 60(B) governs relief from judgment based on grounds such as mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. The rule provides as follows:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a

prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

{¶ 6} To prevail on a motion for relief from judgment under Civ.R. 60(B), the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If a movant fails to satisfy any one of these requirements, the trial court should deny a Civ.R. 60(B) motion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648.

{¶ 7} These requirements must be shown by "operative facts" that demonstrate the movant's entitlement to relief. *Rose Chevrolet* at 21; see, also, *Coleman v. Cleveland School Dist. Bd. of Edn.*, Cuyahoga App. Nos. 84274 and 84505, 2004-Ohio-5854. Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. *Your Financial Community of*

*Ohio, Inc. v. Emerick* (1997), 123 Ohio App.3d 601, 607, 704 N.E.2d 1265. "Moreover, if the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing." *McBroom v. McBroom*, Lucas App. No. L-03-1027, 2003-Ohio-5198, ¶39.

{¶ 8} The trial court has discretion in deciding a motion for relief from judgment under Civ.R. 60(B) and discretion in determining whether to hold an evidentiary hearing on a motion submitted. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. Therefore, its decision denying a Civ.R. 60(B) motion without holding an evidentiary hearing will not be disturbed on appeal absent an abuse of discretion. Id. An abuse of discretion is more than an error in judgment or a mistake of law; it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 9} Wilson-Walker's motion was based on Civ.R. 60(B)(3) and (5). Specifically, she contended that her former trial attorney committed fraud by leading her to believe that he would timely file objections to the magistrate's decision. Wilson-Walker further contended that she was entitled to relief from judgment because the final entry contradicted stipulations into which she and Williams entered. Wilson-Walker submitted the following in support of her motion: (1) the June 4, 2009 final decree; (2) the two December 4, 2009 QDROs; and (3) the December 15, 2008 magistrate's decision.

{¶ 10} In regard to Wilson-Walker's fraud claim, Civ.R. 60(B) contemplates fraud by an *adverse party*. This court's decision in *Fanta v. Minerd* (Apr. 30, 1980), Cuyahoga App. No. 39491, cited by Wilson-Walker, is distinguishable from this case. In *Fanta*, the trial court entered judgment based on the "stipulation of the parties." One of the parties filed a Civ.R. 60(B) motion for relief from judgment, and in support thereof, averred in an affidavit that (1) his former trial counsel neither consulted with him or obtained his consent for the stipulations or judgment; (2) he never would have agreed to the judgment; and (3) he entered into the purchase agreement that was the subject of the lawsuit under the duress of his former wife and the other parties to the action. The trial court denied the movant's motion for relief from judgment, relying on *GTE,* and imputing the actions of movant's attorney to movant. In *GTE,* the Ohio Supreme Court held that "[a]s a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." (Citation omitted.) Id. at paragraph four of the syllabus.

{¶ 11} On appeal, this court stated that "the circumstances, if true, are such that the attorney's conduct cannot be considered to be merely 'neglect.'" *Fanta*, supra. This court, therefore, held that "where an attorney compromises or settles a claim for or against his client without the authority of the client, the client may seek to vacate a judgment based in such settlement or compromise pursuant to Civ.R. 60(B)(5)." Id.

{¶ 12} In this case, Wilson-Walker's former trial counsel "neglected" to file objections

to the magistrate's decision, despite having been afforded extensions of time to do so. There was no compromise or settlement of claim for or against Wilson-Walker without her authority, as there was in *Fanta*. On this record, Wilson-Walker was not entitled to relief under Civ.R. 60(B)(3).

{¶ 13} We likewise find that Wilson-Walker was not entitled to relief under the catch-all provision of Civ.R. 60(B)(5), which allows for relief based on "any other reason." Wilson-Walker contended that the trial court's judgment contradicted the parties' stipulations, but did not state how. Her blanket allegation was insufficient to demonstrate that this was an "extraordinary and unusual case" where the "interests of justice" warranted relief under Civ.R. 60(B)(5). *Harrison v. Doerner*, Cuyahoga App. No. 94270, 2010-Ohio-4682, ¶18.

{¶ 14} In light of the above, Wilson-Walker failed to demonstrate that she was entitled to relief based on any of the grounds under Civ.R. 60(B). Moreover, she also failed to demonstrate that she had a meritorious claim to present if relief was granted or that her motion was timely made. In regard to the meritorious claim requirement, Wilson-Walker only summarily stated in her motion that the "Motion, Brief and Exhibits assert a meritorious claim and thereby establish a likelihood of success on the merits." She failed to allege any "operative facts" from which the trial court could determine the existence of a meritorious defense.

{¶ 15} In regard to the timeliness of her motion, Wilson-Walker contended that it was

timely because it was filed within one year after the judgment was entered. A motion for relief from judgment, even though filed within the one-year time period afforded under Civ.R. 60(B)(1), (2), and (3), may be untimely if it is not filed within a reasonable period of time after final judgment. *Pursel v. Pursel*, Cuyahoga App. No. 91837, 2009-Ohio-4708, ¶15. Reasonableness is determined on a case-by-case basis. Id., citing *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 249-250, 416 N.E.2d 605. This court has held that filing a Civ.R. 60(B) motion nine and 11 months after judgment, without explanation, was unreasonable. *Kaczur v. Decara*, Cuyahoga App. No. 67546, 1995-Ohio-3038; *Drongowski v. Salvatore*, Cuyahoga App. No. 61081, 1992-Ohio-5027. Here, Wilson-Walker filed her Civ.R. 60(B) motion one day short of a year, without explanation as to the delay. Without any explanation, the motion was untimely.

{¶ 16} Finally, it is well settled that "[a] Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *." *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91, 1998-Ohio-643, 689 N.E.2d 548. In seeking relief under Civ.R. 60(B), the movant must allege new grounds and may not rely on arguments it lost under the judgment to justify relief from that judgment. *Elyria Twp. Bd. of Trustees v. Kerstetter* (1993), 91 Ohio App.3d 599, 602, 632 N.E.2d 1376. Moreover, any claims or arguments that could have been raised in a timely appeal are precluded from being raised in a subsequent Civ.R. 60(B) motion. *Garrett v. Gortz*, Cuyahoga App. No. 90625, 2008-Ohio-4369, ¶13.

**{¶ 17}** Here, various exhibits were admitted into evidence for the trial court's consideration. That evidence included the parties' stipulations that Wilson-Walker claimed contradicted the court's final judgment. There was no "new ground" justifying relief from judgment. Wilson-Walker could have, but did not, appeal. She was therefore precluded from using Civ.R. 60(B) as a forum for her challenges.

**{¶ 18}** In light of the above, the trial court did not abuse its discretion by denying Wilson-Walker's Civ.R. 60(B) motion without a hearing. Accordingly, her two assignments of error are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR