[Cite as *Kostoglou v. Fortuna*, 2019-Ohio-5116.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JOHN KOSTOGLOU, | : | |
| Plaintiff-Appellee, | : | No. 107937 |
| v. | : | |
| JOHN FORTUNA, ET AL., | : | |
| Defendants-Appellants. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-15-845367

### *Appearances:*

Kaufman, Drozdowski & Grendell, L.L.C., and Evan T. Byron, *for appellee.*

Harvey B. Bruner Co., L.P.A., and Harvey Bruner, *for appellants.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendants-appellants, John Fortuna ("Fortuna"), Parmatown Spinal Rehabilitation Center, Inc. ("Parmatown Spinal"), and Parmatown Physical Therapy, L.L.C. ("Parmatown PT") (collectively "appellants"), bring the instant

appeal challenging the trial court's denial of their motion for relief from judgment. Specifically, appellants argue that the trial court abused its discretion in failing to hold a hearing on appellants' motion for relief from judgment. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} This matter arose out of a ten-year promissory note executed on February 29, 2008, by Fortuna to plaintiff-appellee, John Kostoglou ("Kostoglou"), in the amount of $250,000. Fortuna is a licensed chiropractor and operated a chiropractic practice. Kostoglou is also a licensed chiropractor and owned and operated Parmatown Spinal. Fortuna became an employee of Parmatown Spinal in 2007. Thereafter, Kostoglou sold all of his shares in Parmatown Spinal to Fortuna for a total amount of $750,000. The transaction included a payment of $500,000 from Fortuna to Kostoglou, and also included the promissory note for an additional $250,000. The promissory note required Fortuna to pay Kostoglou monthly payments in the amount of $3,303.77, plus interest at 10 percent annum, for a period of 120 months with the first payment due on April 1, 2008.

{¶ 3} Fortuna failed to make any payments on the note, and as a result, on May 10, 2015, Kostoglou filed a complaint against Fortuna to enforce the note. The note contained a warranty of attorney clause that mandated a confession of judgment on behalf of Fortuna if Fortuna failed to make payments on the note. On May 12, 2015, an attorney filed the confession of judgment against Fortuna. On May

26, 2015, the trial court awarded judgment in favor of Kostoglou based on this confession of judgment.

{¶ 4} On June 24, 2015, Fortuna filed a motion for relief from judgment pursuant to Civ.R. 60(B). Fortuna argued that he was never presented with the note for payment. Fortuna further argued that the note had in effect been replaced by a subsequent agreement between Fortuna and Kostoglou. Fortuna contended that he and Kostoglou entered into a partnership agreement, after execution of the promissory note, where Fortuna received 80 percent of the profits of Parmatown Spinal and Kostoglou received 20 percent. Fortuna further argued that the $250,000 had been satisfied because the parties had entered into an accord subsequent to the payments on the note. On December 1, 2015, the trial court granted Fortuna's motion for relief from judgment.

{¶ 5} On February 16, 2016, Kostoglou filed an amended complaint. Kostoglou joined Parmatown Spinal and Parmatown PT as defendants in the amended complaint.[1] Kostoglou's amended complaint alleged a breach of fiduciary duty, breach of care, breach of loyalty, and various other claims against appellants. On March 16, 2016, Kostoglou filed a motion to appoint a receiver. On May 20, 2016, Fortuna filed an answer to the amended complaint, and asserted a counterclaim against Kostoglou for overpayments in excess of the original purchase

---

[1] It appears from our review of the record that Parmatown PT is a business entity separate from Parmatown Spinal, yet both entities are owned and operated by Fortuna and Kostoglou. Both entities operate out of a single office space.

price of $750,000 for Parmatown Spinal. On June 2, 2016, Parmatown Spinal and Parmatown PT filed an answer to Kostoglou's amended complaint.

{¶ 6} Thereafter, Kostoglou alleged that Parmatown Spinal and Parmatown PT had not engaged in discovery, and on August 11, 2016, Kostoglou filed a motion to compel discovery, which was unopposed by appellants. Then, on August 22, 2016, the trial court granted Kostoglou's motion to compel discovery and issued an order compelling appellants to comply with discovery. The trial court's order stated "[appellants] are ordered to respond to [Kostoglou's] discovery requests within seven days of this order."

{¶ 7} On August 30, 2016, based on appellants' failure to comply with discovery in accordance with the trial court's August 22, 2016 order, Kostoglou filed a motion for sanctions, and again asked the trial court for an appointment of a receiver. On October 26, 2016, the trial court granted Kostoglou's motion for sanctions, and entered an order granting sanctions and appointing a receiver. In its order, the trial court found that appellants willfully failed to comply in a meaningful way with discovery requests and "have willfully failed to comply with the [c]ourt [o]rder and that [appellants] should be sanctioned for their failure to comply with the [o]rder." The trial court further ordered appellants to pay the receivers fees. On March 22, 2017, the receiver filed a motion seeking to have his bill reduced to judgment because appellants had not paid the bill within five business days as required by the trial court's sanctions order.

{¶ 8} After the trial court's order, appellants provided certain paper documents, but failed to fully provide certain requested documents, namely "electronically stored information" ("ESI") documents. Then, on April 7, 2017, Kostoglou filed a motion for entry of judgment against appellants for their continued failure to provide discovery documents. Appellants responded to Kostoglou's motion for entry of judgment, and argued that they had provided the ESI documents to the receiver.

{¶ 9} On October 30, 2017, the trial court granted Kostoglou's motion for entry of judgment, and entered judgment in favor of Kostoglou in the amount of $250,000 plus 10 percent interest annum.

{¶ 10} On November 22, 2017, appellants filed a notice of appeal. However, this court, sua sponte, on December 4, 2017, issued an order dismissing appellants' appeal for lack of a final appealable order. R.C. 2505.02; Civ.R. 54(B). *See* motion No. 512496.

{¶ 11} Upon remand, on May 7, 2018, Kostoglou filed another motion for entry of judgment on the basis of repeated failures on the part of appellants to comply with discovery requests, and noting that appellants failed to appear at a scheduled deposition on March 21, 2018. Appellants sought an extension of time to respond to Kostoglou's May 7, 2018 motion for entry of judgment, and the trial court granted this extension. However, appellants did not file a response motion to Kostoglou's motion for entry of judgment, and instead, on June 15, 2018, appellants

filed a motion for relief from judgment pursuant to Civ.R. 60(B). Appellants argued

that appellants' counsel

> did not have access to all of [Fortuna's] checks issued from [Parmatown Spinal] because they were initially in the hands of the [f]ederal [g]overnment,[2] who was investigating [Fortuna] and in the hands of Kenneth Callahan, the receiver in this case.
>
> After retrieving the checks, [Fortuna] had an accountant, Richard Lemongello, go through all of the checks, and for the period of 2009 through 2016 at the time of the closing of the [Parmatown Spinal], [Fortuna] had paid [Kostoglou] $685,354.00, which included both rent and charges for the building, as well as full payment on the note of $250,000.00 between [Fortuna] and [Kostoglou].
>
> It is requested that the [c]ourt have hearing on this matter so that [Fortuna] can put forth the evidence mentioned herein showing that he has fully paid [Kostoglou].
>
> Attached and marked as Exhibit A are a letter from accountant Richard Lemongello, and list of the checks, as well as copies of canceled checks to [Kostoglou].

Although referenced in appellants' motion, appellants failed to actually attach

"Exhibit A." The trial court scheduled appellants' motion for a hearing on July 31,

2018.

{¶ 12} On July 27, 2018, appellants filed a motion to continue the July 31

hearing. As a result, the trial court converted the July 31 hearing on appellants'

motion for relief from judgment to a settlement conference. Appellants did not

object to the trial court's order converting the hearing to a settlement conference.

---

[2] Appellant was charged in a federal indictment with conspiracy to commit wire fraud and health care fraud, wire fraud, health care fraud, and conspiracy to commit money laundering for his involvement in another medical practice, Physician's Surgical Group, L.L.C. *See U.S. vs. Physicians Surgical Group, L.L.C., Et Al.*, Case No. 1:14CR4471.

Appellants' counsel and Kostoglou's counsel conducted a settlement conference on July 31, 2018. Then, on October 31, 2018, the trial court issued an order denying appellants' motion for relief from judgment and granting, in part, Kostoglou's motion for entry of judgment.

{¶ 13} On November 29, 2018, appellants filed a notice of appeal from the trial court's order denying its motion for relief from judgment. Appellants assign a sole error of our review.

## II. Law and Analysis

{¶ 14} In appellants' sole assignment of error, they argue that the trial court abused its discretion in denying their motion for relief from judgment without a hearing. In addition, and although not argued in a separate assignment of error as required by App.R. 16(A), appellants argue that the trial court's decision to deny their motion for relief from judgment was an abuse of discretion.

### A. Motion for Relief from Judgment

{¶ 15} As an initial matter, we note that appellants' motion for relief from judgment was not proper in that appellants did not file their motion *from a final judgment.* Civ.R. 60(B) expressly allows a party to file a motion for relief from judgment only "from a final judgment, order or proceeding."

{¶ 16} In the instant case, appellants appealed from the trial court's November 21, 2017 judgment entry which ruled in favor of Fortuna. However, this court dismissed appellants' appeal for lack of a final, appealable order because the trial court did not rule on Fortuna's claims for attorney fees. Upon remand, Fortuna

again filed a motion for entry of judgment in May 2018. Appellants filed a reply brief in opposition to Fortuna's motion for entry of judgment. Thereafter, appellants filed an additional motion captioned "motion for relief from judgment." At the time appellants filed this motion, there was no "final judgment, order or proceeding" as contemplated by Civ.R. 60(B). As such, appellants' "motion for relief from judgment" was not proper.

{¶ 17} Moreover, because appellants' motion for relief from judgment was not from a final order, appellants' motion is considered to be from an interlocutory order. *See Scaccia v. Fid. Invests.*, 2d Dist. Greene No. 2018-CA-5, 2019-Ohio-50, ¶ 28, citing *Seniah Corp. v. Buckingham, Doolittle & Burroughs, L.L.P.*, 5th Dist. Stark No. 2016CA00039, 2016-Ohio-7516, ¶ 19-21 (where the Second District noted that "[w]here parties have filed interlocutory motions for Civ.R. 60(B) relief, courts have construed them as motions for reconsideration of the interlocutory order or as motions under Civ.R. 6(B) for enlargement of time due to excusable neglect."). Therefore, appellants' motion for relief from judgment should have been treated by the trial court as a motion for reconsideration.

{¶ 18} Nevertheless, whether the trial court treated appellants' motion as a motion for reconsideration is of no consequence to our analysis because we review both a motion for reconsideration and a motion for relief from judgment for an abuse of discretion. *See Maddox Defense, Inc. v. GeoData Sys. Mgt.*, 8th Dist. Cuyahoga No. 107559, 2019-Ohio-1778, ¶ 74, citing *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535, 706 N.E.2d 825 (4th Dist.1997). As such, we will examine whether

the trial court abused its discretion in denying appellants' motion for relief from judgment.

{¶ 19} Civ.R. 60(B) states in part:

the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 20} In order to prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If the movant fails to satisfy any one of these requirements, the trial court must deny a Civ.R. 60(B) motion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1998).

These requirements must be shown by "operative facts" that demonstrate the movant's entitlement to relief. *Rose Chevrolet* at 21; *see also Coleman v. Cleveland School Dist. Bd. of Edn.*, [8th Dist. Cuyahoga Nos. 84274 and 84505, 2004-Ohio-5854]. Although a movant is not required to submit evidentiary material in support of the motion, a movant must do more than make bare allegations of entitlement to relief. *Your* [*Fin.*] *Community of Ohio, Inc. v. Emerick*, [123 Ohio App.3d 601, 607, 704 N.E.2d 1265 (10th Dist.1997)]. "Moreover, if the material submitted by the movant does not provide

operative facts which demonstrate that relief is warranted, the court may deny the motion without conducting a hearing." *McBroom v. McBroom,* [6th Dist. Lucas No. L-03-1027, 2003-Ohio-5198, ¶ 39].

*Williams v. Wilson-Walker*, 8th Dist. Cuyahoga No. 95392, 2011-Ohio-1805, ¶ 7.

{¶ 21} "The trial court has discretion in deciding a motion for relief from judgment under Civ.R. 60(B) and discretion in determining whether to hold an evidentiary hearing on a motion submitted." *Id.* at ¶ 8, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). As such, we review a trial court's ruling on a Civ.R. 60(B) motion for relief from judgment for an abuse of discretion. *Rose Chevrolet* at 20. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

{¶ 22} Appellants argue that the trial court abused its discretion in denying their motion for relief from judgment because "the trial court did not entertain any of the argument[s] that the [a]ppellants had satisfied the $250,000 promissory note." Appellants' brief at 9. Although not further articulated by appellants in their brief, we presume that appellants are arguing that the trial court did not consider whether appellants had satisfied the judgment. Further, appellants argue that their motion for relief from judgment was made within a reasonable time.

{¶ 23} First, we do not necessarily agree with appellants that their motion for relief from judgment was made within a reasonable time. The trial court's order granting Kostoglou's motion for entry of judgment was entered on October 30, 2017.

On November 22, 2017, appellants filed a notice of appeal. However, this court, sua sponte, on December 4, 2017, issued an order dismissing appellants' appeal. By our calculation, appellants did not file their motion for relief from judgment for more than seven months following this court's dismissal. Even considering the instant case's protracted procedural history, we fail to see how more than seven months is a reasonable time. This is especially true given the fact that appellants' motion for relief from judgment consisted of two short paragraphs and failed to cite to any supporting legal authority. Lastly, and most importantly, appellants offer no explanation for the delay in filing the motion. In this way, because of the lack of any explanation, the motion for relief from judgment was untimely. *See Williams*, 8th Dist. Cuyahoga No. 95392, 2011-Ohio-1805, at ¶ 15.

{¶ 24} Appellants also contend that the trial court abused its discretion because it did not consider that appellants were entitled to relief because they had satisfied the judgment pursuant to Civ.R. 60(B)(4). Appellants fail to further articulate in their appellate brief *how* they satisfied the judgment and have not presented any evidence — aside from this mere assertion — that they indeed satisfied the judgment. Nor do appellants direct our attention to any evidence within the record that would support their contention that they had in fact satisfied the judgment. For these reasons, we find no merit to appellants' argument that they satisfied the judgment.

{¶ 25} With regard to appellants' argument that they have satisfied the judgment, it appears that appellants are referencing Fortuna's arguments in his

motion for relief from judgment filed on June 24, 2015. In that motion, which was granted by the trial court, Fortuna[3] argued that a month after executing the stock-purchase agreement and executing the promissory note on April 1, 2008, Kostoglou changed his mind in regard to the agreement and note. In this motion for relief from judgment, Fortuna made the following contention:

> Upon seeing the profitability of Parmatown [Spinal] and believing that [Kostoglou] could obtain better returns from his shares, [Kostoglou], with [Fortuna's] assent, canceled the stock purchase agreement and [n]ote and, with [Fortuna's] assent, entered into a partnership agreement with [Fortuna]. [Kostoglou] received 20% interest in Parmatown [Spinal], after transferring the remaining 80% interest to [Fortuna]. Based on this new arrangement, [Kostoglou] told [Fortuna] to disregard the stock purchase agreement and to "forget about the [n]ote."

Fortuna further contended that "[s]ince the creation of the partnership, [Kostoglou] ha[d] received large sums of money [from Fortuna] over the years, well in excess of the $250,000.00."

{¶ 26} However, these arguments were made by Fortuna individually in his motion for relief from judgment. Furthermore, these arguments were persuasive because the trial court granted Fortuna's motion for relief from judgment. In this way, appellants failed to present this particular argument in their motion for relief from judgment that is the subject of the instant appeal. "It is well established that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court results in waiver of that issue for

---

[3] Parmatown Spinal and Parmatown PT were not joined as defendants in the instant matter when Fortuna filed this motion for relief from judgment on June 24, 2015.

appellate purposes." *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.3d 383, ¶ 21 (8th Dist.), citing *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 28.  Accordingly, appellants are precluded from presenting their satisfaction of judgment argument now on appeal.

{¶ 27} In appellants' motion for relief from judgment that is the subject of the instant appeal, appellants argued that the documents which they failed to provide to Kostoglou where in the possession of the federal government. Appellants essentially argued that they could not have possibly complied with the trial court's order compelling discovery because the documents were not in appellants' possession. Appellants then filed their motion for relief from judgment on June 15, 2018, and argued that the documents were now in their possession.

{¶ 28} First, appellants fail to identify precisely what documents were in the federal government's possession.  Even assuming that these documents were in the possession of the federal government, these documents almost certainly pertain to the federal prosecution of an entirely separate business entity with which Fortuna is associated, Physician's Surgical Group, L.L.C.  Therefore, these documents are in no way relevant to the underlying litigation between Kostoglou and Fortuna.

{¶ 29} In their motion for relief from judgment, appellant's provided no affidavits attesting to support the assertions within the motion.  In fact, the "Exhibit A" cited to in appellants' motion was not attached to their motion.  On appeal, appellants do not argue that the failure to attach the exhibit or accompanying affidavits was in some way neglect, mistake, or utter disregard, on behalf of their

trial counsel. *See Rowe v. Metro. Property & Cas. Ins. Co.*, 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942 (Apr. 29, 1999) (where this court noted that the fact that a defendant's 82-year-old lawyer failed to appear at trial and could not be located six months later was considered inexcusable neglect for the purposes of granting the defendant relief pursuant to Civ.R. 60(B)(5)).

{¶ 30} When seeking relief under Civ.R. 60(B), the movant must allege new grounds and may not rely on arguments it lost under the judgment to justify relief from that judgment. *Williams*, 8th Dist. Cuyahoga No. 95392, 2011-Ohio-1805, at ¶ 16, citing *Elyria Twp. Bd. of Trustees v. Kerstetter*, 91 Ohio App.3d 599, 602, 632 N.E.2d 1376 (9th Dist.1993). On May 10, 2018, appellants argued in response to Kostoglou's motion for entry of judgment that they were "attempting to collect the business records from the receiver and once those records have been obtained, an accountant will be hired to review them and both the records and the results of the accountant's review will be available to [Kostoglou]." However, appellants then on June 15, 2018, filed their motion for relief from judgment, and argued that certain documents were in the possession of the federal government. In both filings appellants essentially presented similar arguments — appellants had in fact complied, or were going to comply, with the trial court's order compelling discovery. As such, appellants are precluded from relying upon their arguments they lost under the entry of judgment to justify relief from that judgment. *Id.*

{¶ 31} In our review of the record, it appears that appellants had argued that the trial court simply made a mistake in rendering its decision granting Kostoglou's

motion for entry of judgment for appellants' failure to provide discovery.  In this way, appellants argued that the trial court mistakenly found that appellants did not provide the requested documents when in fact appellants did.  Assuming that this fact is true, this mistake is not the sort of mistake contemplated by Civ.R. 60(B).  "[I]t is well-settled that 'a motion for relief from judgment cannot be predicated upon the argument that the trial court made a mistake in rendering its decision.'" *Pearlman v. Sukenik*, 8th Dist. Cuyahoga No. 87904, 2007-Ohio-542, ¶ 31, quoting *Chester Twp. v. Fraternal Order of Police*, 102 Ohio App.3d 404, 408, 657 N.E.2d 348 (11th Dist.1995).  In fact, "[t]he type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis."  *Id.*, citing *Antonopoulos v. Eisner*, 30 Ohio App.2d 187, 284 N.E.2d 194 (8th Dist.1972).

{¶ 32} Civil Rule 60(B)(1) provides that the trial court "may relieve a party or his [or her] legal representative from a final judgment, order or proceeding for mistake, inadvertence, surprise or excusable neglect[.]"

> The term "excusable neglect" is an elusive concept which has been difficult to define and to apply.  Nevertheless, we have previously defined "excusable neglect" in the negative and have stated that the inaction of a defendant is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system."

*Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), citing *GTE Automatic Elec.*, 47 Ohio St.2d at 153, 351 N.E.2d 113; *Rose Chevrolet*, 36 Ohio St.3d at 21, 520 N.E.2d 564.

{¶ 33} In this regard, if appellants' counsel had mistakenly *not* provided the ESI documents to the receiver, then such a mistake would be one contemplated by Civ.R. 60(B). Or if the trial court had mistakenly thought that appellants did not provide the ESI documents when in fact appellants did, then such a mistake would also be one contemplated by Civ.R. 60(B). Nevertheless, the "mistake" in which appellants now argue — and argued in their motion for relief from judgment — is not the type of mistake contemplated by Civ.R. 60(B). *See Rowe,* 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942.

{¶ 34} Indeed, appellants' "mistake" can be more properly labeled as a "complete disregard for the judicial system." *Kay* at 20. On August 11, 2016, Kostoglou filed a motion to compel discovery. Then on August 22, 2016, the trial court granted Kostoglou's motion to compel discovery and issued an order compelling appellants to comply with discovery. The matter continued through October 2018 with appellants failing to ever comply with discovery requests.

{¶ 35} For all the foregoing reasons, we find appellants' arguments that the trial court abused its discretion in denying their motion for relief from judgment to be completely without merit.

### B. Hearing

{¶ 36} Appellants also argue that the trial court abused its discretion by failing to hold a hearing on appellants' motion for relief from judgment. We note again that appellants have not presented any arguments as required by App.R. 16(A) nor cited to any authority in support of their argument in this regard. For these

reasons alone, we find appellants' argument in this regard to be completely without merit.

{¶ 37} Nevertheless, we note that a party moving for relief from judgment under Civ.R. 60(B) is not automatically entitled to an evidentiary hearing. *PNC Bank, N.A. v. DePalma*, 8th Dist. Cuyahoga No. 97566, 2012-Ohio-2774, ¶ 12, citing *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co.*, *L.P.A.*, 70 Ohio App.3d 643, 646, 591 N.E.2d 866 (8th Dist.1990), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). '"If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.'" *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit* at 105. A "trial court abuses its discretion in denying a hearing where grounds for relief from judgment are sufficiently alleged and are supported with evidence which would warrant relief from judgment." *Kay,* 76 Ohio St.3d at 19, 665 N.E.2d 1102.

{¶ 38} In the instant case, the trial court was painfully aware of appellants' arguments as to why appellants did not comply with the discovery requests. Appellants failed to present any operative facts in their motion for relief from judgment that would have demonstrated that relief from judgment was warranted. Indeed, although appellants referenced an "Exhibit A" in their motion for relief from judgment, appellants failed to attach this exhibit to their motion for the trial court's consideration. Moreover, appellants failed to attach an affidavit attesting to the

blanket assertions in their motion for relief from judgment. As such, the trial court did not abuse its discretion in denying appellants' motion for relief from judgment without a hearing.

**{¶ 39}** Accordingly, appellants' sole assignment of error is overruled.

**{¶ 40}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY

SEAN C. GALLAGHER, P.J., CONCURRING IN JUDGMENT ONLY:

**{¶ 41}** Although the parties have treated Fortuna's June 15, 2018 motion as one seeking relief from a final judgment under Civ.R. 60(B), I agree with the majority that there was no final order in the case as of that date. *Yeckley v. Yeckley*, 8th Dist. Cuyahoga No. 96873, 2012-Ohio-84, ¶ 16 (interlocutory orders are subject to motions for reconsideration while final orders are subject to motions for relief

from judgment under Civ.R. 60(B)); *Nami v. Nami*, 10th Dist. Franklin No. 17AP-265, 2017-Ohio-8330, ¶ 17. This procedural posture complicates the disposition.

{¶ 42} In the December before Fortuna filed the motion at issue, this court dismissed a pending appeal based on the lack of a final appealable order — there were claims for relief asserted in the complaint that were then unresolved. Thus, there was no final judgment in this case at the time Fortuna filed the motion. Although the majority considers the parties' arguments as framed, the underlying focus of the argument in this appeal is on the procedural requirements under Civ.R. 60(B), a rule that is not applicable to the complicated procedural posture of this case. Although Fortuna claimed to have evidence that the judgment was satisfied, that evidence was never proffered for the record. Although an evidentiary hearing would have definitively demonstrated whether such evidence existed or not, I cannot conclude that the trial court abused its discretion in disposing of the motion. With this clarification in mind, I concur with the majority's decision.