[Cite as *Cleveland Municipal Court v. Rasheeda Properties, L.L.C.*, 2022-Ohio-4211.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CLEVELAND MUNI CT-CRIMINAL DIV., :

      Plaintiff-Appellee,      :

                                    Nos. 111652 and 111653

      v.                   :

RASHEEDA PROPERTIES LLC,    :

      Defendant-Appellant.    :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 23, 2022

---

Civil Appeal from the Cleveland Municipal Court
Case Nos. 2022-CVH-002851 and 2022-CVH-002852

---

### *Appearances:*

Mark D. Griffin, Cleveland Director of Law, and Craig J. Morice and William H. Armstrong, Assistant Directors of Law, *for appellee.*

Freeburg & Rambo LLC and Matthew C. Rambo, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. The purpose of an accelerated appeal is to allow an

appellate court to render a brief and conclusory decision. *State v. Trone*, 8th Dist. Cuyahoga Nos. 108952 and 108966, 2020-Ohio-384, ¶ 1, citing *State v. Priest*, 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, ¶ 1.

{¶ 2} Appellant Rasheeda Properties, LLC ("Rasheeda Properties") appeals the denial of its motions for relief from judgment in two civil collection cases. We affirm the judgments of the trial court because we do not find the trial court abused its discretion in denying Rasheeda Properties' motions for relief from judgment.

## Procedural History and Relevant Facts

{¶ 3} On August 3, 2021, the city of Cleveland filed two criminal cases alleging health code violations occurring at a property owned by Rasheeda Properties, Cleveland M.C. Nos. 2021 CRB 010671 and 2021 CRB 010675. On March 29, 2022, the city initiated two civil collection cases in order to obtain liens to collect upon judgments entered in the criminal cases. In Cleveland M.C. No. 2022-CVH-0002851, a Certificate of Judgment for Transfer was filed indicating a judgment of $65,997 against Rasheeda Properties was entered in Cleveland M.C. No. 2021-CRB-010671. In Cleveland M.C. No. 2022-CVH-002852, a Certificate of Judgment for Transfer was filed indicating a judgment of $65,997 against Rasheeda Properties in Cleveland M.C. No. 21-CRB-010675. The amount of the judgments filed for collection reflect costs and fines imposed for Rasheeda Properties' failure to appear in each of the criminal cases.

{¶ 4} On March 31, 2022, dockets in both collection cases reflect that the trial court issued Certificate of Judgment Liens. On May 4, 2022, Rasheeda

Properties filed motions for relief from judgment pursuant to Civ.R. 60(B)(5) in both collection cases. The motions for relief from judgment asserted that Rasheeda Properties was not served with the complaints in the criminal cases. It argued that the service addresses listed on the criminal dockets was a Harding Avenue, Westlake, Ohio address, but that as of December 28, 2020, its statutory agent was registered at an address on Annie Lane, Westlake, Ohio. In support of its motions for relief from judgment, Rasheeda Properties attached Ohio Secretary of State records indicating Rasheeda Properties was organized on June 9, 2011, and filed a change of address of statutory agent on December 28, 2020.

{¶ 5} The trial court denied the motions for relief from judgment on May 31, 2022, without hearing. In both cases, the trial court determined:

> [The] underlying criminal case has resulted in civil contempt sanctions due to a failure of [Rasheeda Properties] to appear and address this charge. To date, the underlying criminal case remains pending without resolution. As such, [Rasheeda Properties'] efforts to seek relief from judgment are premature.

> [Rasheeda Properties'] Motion for Relief from Judgment is denied. Upon resolution of the underlying criminal case, Defendant may file a renewed Motion for Relief or Motion to Mitigate Civil Contempt Sanctions.

{¶ 6} Rasheeda Properties appealed the trial court's orders denying the motions for relief from judgment in both collection cases and we consolidated the appeals for hearing.

## Assignments of Error and Applicable Law

{¶ 7} Rasheeda Properties raised the following assignments of error:

1. The trial court erred in denying Appellant's unopposed Motions for Relief from Judgment.

2. The trial court erred in failing to conduct a hearing on Appellant's unopposed Motions for Relief from Judgment.

3. The trial court erred in its determination that Appellant's Motions for Relief from Judgment were "premature."

{¶ 8} To prevail on a motion for relief from judgment filed pursuant to Civ.R. 60(B), the moving party must demonstrate that there exists 1) a meritorious defense or claim if the motion for relief is granted, 2) that the movant is entitled to relief under one of the reasons stated in Civ.R. 60(B)(1) through (5), and 3) that the motion was timely filed. *GTE Automatic Elec., Inc. v ARC Industries*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). If a party submits operative facts that if true would warrant relief from judgment, a hearing should be had. *Kay v. Marc Glassman, Inc.* 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Conversely, where the party does not submit evidence that would warrant relief from judgment, a court does not err by denying a motion for relief from judgment without a hearing. *Id.*

{¶ 9} We review the denial of a motion for relief from judgment brought pursuant to Civ.R. 60(B), as well as the decision to forego a hearing, for an abuse of discretion. *Rodeno v. Mezenski*, 8th Dist. Cuyahoga No. 111030, 2022-Ohio-1176, ¶ 17. An abuse of discretion ""implies that the court's attitude is unreasonable, arbitrary or unconscionable."" *Kostoglou v. Fortuna*, 8th Dist. Cuyahoga No. 107937, 2019-Ohio-5116, ¶ 21, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d

217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 404 N.E.2d 144 (1980).

**The Trial Court Did Not Abuse Its Discretion**

{¶ 10} As the assignments of error are interrelated, we address them concurrently. Rasheeda Properties argues that the trial court erred by finding its motions for relief from judgment premature. In denying the motions for relief from judgment, the trial court noted the criminal cases were ongoing, stated that Rasheeda Properties' efforts to seek relief from judgment were "premature," and that "[u]pon resolution of the underlying criminal case, [Rasheeda Properties] may file a renewed Motion for Relief or Motion to Mitigate Civil Contempt Sanctions."

{¶ 11} In considering Rasheeda Properties' third assignment of error, our review of the trial court's statement is not that the trial court denied the motions for relief from judgment to be untimely filed but, rather, that the trial court considered a grant of relief in the collection cases to be premature because the criminal cases remained pending. Moreover, it is axiomatic that any challenges to the validity of the judgments from the criminal cases are best resolved within the criminal cases themselves where the necessary facts and evidence are contained in the record and available for review.

{¶ 12} Under the first and second assignments of error, Rasheeda Properties asserts that it presented a meritorious claim for relief from judgment and that the trial court should have held a hearing on its motions. In seeking relief from the certificates of judgment transferred in these cases, Rasheeda Properties challenged

the validity of the judgments entered in the criminal cases. Rasheeda Properties did not ask for a specific remedy in its motions for relief from judgment, but attacked the validity of the judgments entered in the criminal cases. The record within the criminal cases in which the judgments were entered was not included in the record within this appeal. As such, we consider the motions for relief filed as seeking relief from the filing of the certificates of judgment and the issuance of the liens.

{¶ 13} With regard to service of misdemeanor complaints, we note Crim.R. 4 provides rules for service of a complaint or summons upon defendants like Rasheeda Properties that are not individuals. For those defendants, service may be made by one of the several means as provided in Civ.R. 4 through 4.2 and 4.6(A) and (B). Although Rasheeda Properties argued that one method of service was not made, it did not present the trial court with the record within the criminal cases. As such, there is insufficient information to determine that the judgments in the criminal cases were invalid based on the failure of service.[1]

{¶ 14} Accordingly, we do not find the trial court's denial of the motions for relief from judgment without a hearing to be "unreasonable, arbitrary or capricious" where the motions for relief for judgment were based upon a challenge to the validity of judgments entered in separate, ongoing criminal cases. Further, the record

---

[1] Although copies of the citations from the criminal cases listing the Harding Avenue address are within the record in the instant appeal, the record does not include details of the time, manner, or return of service of the citations in the criminal cases.

provided to the trial court was insufficient to determine that the judgments certified in these cases were in error due to a failure of service.

{¶ 15} The first, second, and third assignments of error are overruled.

{¶ 16} Judgments affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR